UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE CHAN RALAC,<br><br>                               Petitioner,<br><br>v.<br><br>CHRISTOPHER, LAROSE, et al.,<br><br>                               Respondents. | Case No.:  26-CV-4327 JLS (AHG)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Felipe Chan Ralac's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Response to Petition ("Ret.," ECF No. 4).  Petitioner, a native of Guatemala, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center. Pet. at 11.  Petitioner alleges that he entered the United States on May 6, 2021, at seventeen years old after fleeing violence and poverty in Guatemala.  *Id.*  Petitioner was released to his brother under a sponsor care agreement.  *Id.*  Respondents initiated removal proceedings, which were later terminated.  *Id.*  Petitioner obtained Special Immigration Juvenile Status ("SIJS") and deferred action until November 19, 2027.  *Id.*  Petitioner was detained on May 27, 2026, while driving in San Diego; Respondents have since initiated

26-CV-4327 JLS (AHG)

new removal proceedings. *Id.* at 12. Petitioner alleges that his continued detention violates the Due Process Clause of the Fifth Amendment. *See generally id.*

Respondents state that Petitioner is subject to detention under 8 U.S.C. § 1226(a) and therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." Ret. at 2. The Court finds that Petitioner is entitled to release. *See, e.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting release. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by August 14, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 11, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

26-CV-4327 JLS (AHG)